UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | SACV 18-00002 AG (KESx) | Date | January 30, 2018 |
|---|---|---|---|
| Title | DEAN AZZEH D.D.S., INC. v. ZIEGLER PRACTICE TRANSITIONS, LTD. | | |

Present: The Honorable  ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

**Proceedings:**  **[IN CHAMBERS] ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Defendant Ziegler Practice Transitions, Ltd. invoked that limited jurisdiction when it filed a notice of removal in this Court. *See id.* ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction.").

So what's the basis for jurisdiction? Ziegler Practice Transitions says that this Court has "diversity jurisdiction." *See* U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases . . . between Citizens of different States."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States.").

Plaintiff is a citizen of California, and Ziegler Practice Transitions, as a limited liability company whose sole member is a citizen of Ohio, is itself a citizen of Ohio. Those representations are well taken. The same cannot be said about Defendant's very brief assertions about the amount in controversy.

A defendant seeking to remove a case to a federal court need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-00002 AG (KESx) | Date | January 30, 2018 |
|---|---|---|---|
| Title | DEAN AZZEH D.D.S., INC. v. ZIEGLER PRACTICE TRANSITIONS, LTD. | | |

Ordinarily, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But if the plaintiff or the Court does contest that allegation, then "removal . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, *by the preponderance of the evidence*, that the amount in controversy exceeds" the relevant jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (emphasis added).

"Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). Accordingly, the Court ORDERS Ziegler Practice Transitions to appear on **February 12, 2018 at 9:00 a.m.** to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Other parties may, but need not, attend the hearing as well. The Court also ORDERS Ziegler Practice Transitions to file with the Court a document showing its amount-in-controversy calculations, including present value by February 5, 2018.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |