CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00002 AG (KESx) | Date | February 8, 2018 |
| Title | DEAN AZZEH D.D.S., INC. v. ZIEGLER PRACTICE TRANSITIONS, LTD. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff Dean Azzeh D.D.S. hired Defendant Ziegler Practice Transitions, Ltd. to assist it with the transition and purchase of a dental practice. Dean Azzeh alleges that Ziegler was supposed to get it a lease with an option to renew, but failed to do so. Dean Azzeh further alleges that it didn't find out about this failure until the lease was up and it had to pay a rent increase to get a new lease on the premises. Dean Azzeh sued Ziegler in state court, purporting to allege claims for breach of contract, negligence, professional negligence, and breach of fiduciary duty.

Ziegler filed a notice of removal under 28 U.S.C. § 1441, invoking diversity jurisdiction. But Ziegler's notice didn't sufficiently establish diversity jurisdiction. Although its representations about the citizenship of the parties were well taken, the Court was not convinced by Ziegler's assertions about the amount in controversy in this case.

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Courts in the Ninth Circuit thus "strictly construe the removal statute against removal jurisdiction." *Guas v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that defendants always have the burden of establishing, by a preponderance of evidence, that removal is proper. *See id.*; *see also Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-00002 AG (KESx) | Date | February 8, 2018 |
|---|---|---|---|
| Title | DEAN AZZEH D.D.S., INC. v. ZIEGLER PRACTICE TRANSITIONS, LTD. | | |

Here, the Court issued an order to show cause regarding subject matter jurisdiction, asking Ziegler to explain its amount in controversy calculations, "including present value." (Dkt. No. 11 at 2.) This order was ignored, and the Court remains unconvinced by Ziegler's arguments for jurisdiction. Ziegler's explanation is limited to comparing the monthly rent amount in Dean Azzeh's two leases. But Plaintiff's response to the order to show cause says that even with an option to renew, most rents increase about 5% when the lease is renewed. (Dkt. No. 13 at 2.) Based on Plaintiff's representations, the amount in controversy would be less than $75,000, even without accounting for present value.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Guas*, 980 F.2d at 566. And here, there's considerable doubt. Ziegler ignored the Court's express instruction to explain its calculations including present value and it hasn't submitted enough evidence for the Court to find it has jurisdiction by a preponderance of the evidence. And ignoring the Court's express instruction is reason enough to rule against Ziegler.

"Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). The Court REMANDS this case to the appropriate state court. All other pending matters are VACATED.

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | lmb | |